J. C. BREEDEN, Appellant, v. THE FRANKFORD MARINE, ACCIDENT & PLATE GLASS IN- SURANCE COMPANY, Respondent.

**Kansas City Court of Appeals, February 27, 1905.**

1. **MAINTENANCE: Champerty: Action.** Maintenance is an old action at common law, the right of which still exists and con- sists in the officious intermeddling in a suit that in no way be- longs to one, by assisting either party with money, or otherwise in his action; it differs from champerty in that it is voluntary while the champertor has in view a share of the spoils of the litigation.

2. ———: **Pleading.** A petition alleging that the defendant in- termeddled in a suit plaintiff was having against a mining com- pany for personal injuries and thereby the litigation was de- layed until the mining company became insolvent and the plaintiff was compelled to accept one thousand dollars in pay- ment of a three thousand five hundred dollar judgment, states a cause of action.

3. ———: **Defense: Personal Injury: Insurance.** Where a mining company has taken insurance against the personal injury of its employees, the insurer may interfere and assist the min- ing company in a suit brought against it for a personal injury by one of its employees, and such interference is not mainten- ance; nor would the interference in the defense of a suit by persons sustaining many other relations to the defendant, such as parent in aiding a child or one in assisting a poor friend, constitute maintenance.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED.

*Shannon & Shannon* for appellant.

The court erred in sustaining defendant's de- murrer to plaintiff's amended petition. 5 Am. and Eng. Ency. of Law (2 Ed.), 815; 5 Am. and Eng. Ency.

of Law (2 Ed.), 821; Duke v. Harper, 66 Mo. 51; Vulcanide Co. v. White, 10 Fed. 752; Fletcher v. Ellis, Fed. Cas. No. 4863a; Harris v. Brisco, 17 Q. B. Div. 504; Pechell v. Watson, 8 M. & W. 691.

*W. R. Robertson* for respondent.

(1) It was the duty of plaintiff to do every act possible on his part to decrease any damages to him by reason of any unlawful act of defendant, either imaginary or otherwise. Douglas v. Stephens, 18 Mo. 362; Trust Co. v. Stewart, 115 Mo. 236; State ex rel. v. Harrington, 44 Mo. App. 297. (2) The allegations that "defendant unlawfully, willfully and maliciously maintained the Big Circle Mining Company" are but mere conclusions of law and consequently surplusage. Bliss on Code Pleading (3 Ed.), sec. 211; Nichols v. Stevens, 123 Mo. 117. (3) If defendant committed no legal wrong, though, as plaintiff alleges, its acts resulted in damage to plaintiff, and though defendant may have had improper motives, the law affords no remedy. Land & Gravel Co. v. Com. Co., 138 Mo. 445. (4) The policy of the law which strikes at champerty and maintenance only prohibits the enforcement of contracts based thereon and does not act on the subject of such contract so that it destroys the claim of plaintiff or the defense of the defendant. It is the unlawful dealing in the right, and not the right itself, on which the barrier is placed. Euneau v. Rieger, 105 Mo. 682; Pike v. Martindale, 91 Mo. 284; Bent v. Priest, 86 Mo. 490. (5) A suit for personal injuries being for an unliquidated or uncertain claim and amount, there could be no contract tainted with champerty or maintenance relative thereto, as the two essential elements are not present; that is to say there must be, first, an undertaking to defray the expenses of the litigation; and, second, an agreement or promise on the part of the party to divide with the litigant the proceeds of

the suit in the event it proves successful. Torrence v. Shedd, 112 Ill. 466.

ELLISON, J.—Plaintiff was engaged in mining, as a laborer, for a corporation known as the "Big Circle Mining Company" and was injured (as he alleged) by reason of the negligence of that company. He brought suit against the company for damages and obtained a judgment for $2,500. The mining company appealed to this court where the judgment was reversed and the cause remanded for a new trial. At the second trial this plaintiff again prevailed and obtained a judgment against the mining company, this time for $3,500. Of the latter judgment plaintiff accepted $1,000 as in full and satisfied the record.

Thereafter he instituted this action of maintenance against the present defendant for damages on account of this defendant having willfully intermeddled and unlawfully maintained the defense of the mining company in his case for personal injury. The defendant demurred to the petition as not stating a cause of action. The demurrer was sustained and plaintiff, in view of that ruling, having refused to amend, judgment was rendered for defendant and plaintiff appealed.

Maintenance is one of the old actions at common law, the right of which exists to this day. [Bradlaugh v. Newdegate, 11 Queen's Bench Div. 1.] It is defined as an "officious intermeddling in a suit that no way belongs to one, by assisting either party with money, or otherwise, to prosecute or defend." And it is said, "to be an offense against good morals, in that it keeps alive strife and perverts the remedial powers of the law into an engine of oppression." [5 Am. and Eng. Ency. of Law (2 Ed.), 815.] The offense may be committed by stepping in after litigation has been begun, as by encouraging and aiding its origin. [Bradlaugh v. Newdegate, supra, 9.]     Champerty is

generally treated by text-writers in connection with maintenance and it, also, is one of the old common law actions which yet subsists. [Duke v. Harper, 66 Mo. 51.] These old actions, though akin, are unlike in many particulars. The champertor has in view a profit to himself in a share of the spoils of the litigation. The maintainer is more of a voluntary intermeddler and stirrer up of strife for the love of it. He is described as an *officious* intermeddler. In other words, he interferes where he has no business.

The action being recognized to exist as a common law action, we have examined the petition with a view to ascertaining the legal merits of the demurrer. We find that it sets out the controversy which existed in litigation between this plaintiff and the mining company. That he obtained judgment against said company. That this defendant "unlawfully, willfully and maliciously, without having any interest in the case, maintained the mining company by obtaining and prosecuting an appeal from the judgment," etc. (describing how it did so). Continuing, it alleged that all expenses of procuring and perfecting said appeal were paid by the defendant herein. The petition then alleges the reversal of the judgment and remanding of the cause for another trial. That at such second trial this defendant continued to maintain the defense at its own expense. That by various ways it caused the case to be continued and changes of venue to be had; but that finally, at the second trial, plaintiff obtained judgment against the mining company for $3,500. It then alleges that before the second trial the mining company had become insolvent, so that it became impossible for plaintiff to collect his judgment and that in view of such condition of the mining company he was compelled to accept $1,000 in full of his said judgment. That at the rendition of the first judgment the mining company was solvent and its insolvency came about between the first and second judgment. And that

but for defendant's unlawful interference he would have collected the first judgment. And that but for defendant's continued unlawful interference and delay before the second trial he would have secured his second judgment in time to have collected it before the mining company became insolvent.

In our opinion the petition stated a cause of action. If the acts charged are true (and we must so consider them) defendant was guilty of maintenance and should respond in damages.

Though it does not appear of record, yet in view of the statement of counsel, it may turn out that defendant in its interference with plaintiff's case against the mining company was not an officious intermeddler. It is said that this defendant is an accident insurance company, and that in that capacity it had indemnified the mining company, upon a valuable consideration, to hold such company harmless from liability in personal injury cases arising against it in favor of employees. Now, if that be true, defendant is not guilty of maintenance in taking part in the litigation between plaintiff and the mining company, and in using the same endeavor and the same means in aid of the mining company to defeat the case which that company might legally have used without such aid. The law recognizes that where one has an interest in the result of a controversy he may aid in its litigation without subjecting himself to prosecution for maintenance, civilly or criminally. Thus he may be a surety or guarantor on a note and aid the principal in defense. He may be a warrantor of title to property and aid and sustain a defense by the warrantee. The landlord may aid his tenant, etc. [5 Am. & Eng. Ency. Law (2 Ed.), 821.]

But more than that, there need not be a pecuniary interest in the result to absolve the aider from the charge of maintenance. The parent may aid the child, or the child the parent; and so in other substantial

degrees of relationship. And yet more than that, the law extends its charity to the charitable and compassionate and will not pronounce it maintenance for one to aid his poor friend and thus assist in protecting him from what he deems an oppression or a wrong. [Harris v. Brisco, 17 Queen's Bench Div. 510. Gilman v. Jones, 87 Ala. 691.]

It, therefore, seems clear to us that if this defendant had the interest in the result of plaintiff's suit against the mining company which has been suggested, it had a right to take part in and aid that company in the defense.

The judgment is reversed and cause remanded. All concur.